IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lakeview Loan Servicing, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>Charles Ray Thomas, II a/k/a Charles Ray Thomas a/k/a Adebisi Ali,<br><br>                    Defendant. | C/A No. 4:23-2371-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 7.] The magistrate judge recommends the court remand this action to state court, because Defendant's notice of removal is improper under 28 U.S.C. §§ 1441 and 1446. *Id.* at 1–2. The Report notified Plaintiff of the procedures and requirements for filing objections to the magistrate judge's recommendation. *Id.* at 3. Defendant filed objections to the Report on June 7, 2023, and requested a preliminary injunction and temporary restraining order the following day. [ECF Nos. 10, 12.] This matter is now ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

In October 2021, Plaintiff Lakeview Loan Servicing, LLC ("Plaintiff") brought a foreclosure action against Defendant Charles Ray Thomas, II ("Defendant"), in South Carolina state court. [ECF No. 1-1.] Defendant, proceeding *pro se*, unsuccessfully filed a notice to remove the case to federal court in July 2022. *See Lakeview Loan Servicing, LLC v. Thomas*, No. 4:22-CV-2208-JD, 2022 WL 18831638, at *1 (D.S.C. Sept. 2, 2022). The court takes judicial notice

that the state court entered judgment on the underlying matter on May 24, 2022.[1]  Defendant thereafter filed this second notice of removal, which the court now considers.  [ECF No. 1.]

The magistrate judge recommends remand to the state court for lack of subject matter jurisdiction and untimeliness.  [ECF No. 7 at 1–2.]  The court incorporates here the relevant facts and standards of law further detailed in the Report.  *Id.*  Defendant objects and asks the court to vacate the state court's judgment.  [ECF No. 10 at 4–5.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected.  *Id.*  An objection is sufficiently specific if it reasonably alerts the court of a party's true objection to the Report.  *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  The district court is reasonably alerted to a party's objection if the litigant expresses belief that the magistrate judge erred in recommending dismissal of a claim.  *Id.* at 461 (citing *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)).  If instead a litigant objects only generally, the court reviews the Report for clear error.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing

---

[1] *See* Case No. 2021-cp-21-02234, SC COURTS, https://www.sccourts.org/caseSearch (limit search parameters to Florence County; then enter Defendant's name); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting sources to support federal courts taking judicial notice of proceedings in other courts of record); *United States v. Vann*, 660 F.3d 771, 775–76 (4th Cir. 2011) (suggesting federal courts may properly look to state court dockets to assess jurisdiction in removal cases).

Fed. R. Civ. P. 72 advisory committee's note). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The magistrate judge recommends the court remand this action because it lacks subject matter jurisdiction over Plaintiff's claims. [ECF No. 7 at 1–2.] The Report also deems the removal notice untimely because Defendant filed it after state court proceedings concluded. *Id.* at 2 n.4. In his objection, Defendant seeks review of the state court judgment by an Article III court, because he believes the state foreclosure proceeding was fundamentally unfair. [ECF No. 10 at 4–5.] He argues this court has authority to render equitable relief and thus to correct the state court's judgment. *Id.* at 3–5. The court rejects Defendant's objections and agrees that it lacks jurisdiction.

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Federal courts may not, as Defendant suggests, exercise equitable power at will. [ECF No. 10 at 3–5.] Under 28 U.S.C. § 1441, federal district courts are permitted to hear certain cases removed by defendants from state courts. The federal court must have original jurisdiction over the underlying matter, *see* § 1441(a), and the defendant seeking removal must prove jurisdiction is proper. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The court may also consider *sua sponte* whether it possesses "the very power" to decide the matter. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). If at any time the court appears to lack subject matter jurisdiction, it must remand the action to state court. *See* § 1447(c).

Here, the court agrees with the magistrate judge that Defendant fails to establish federal jurisdiction. [ECF No. 7 at 2.] As the Report notes, Defendant's removal notice generally cites 28 U.S.C. §§ 1331 and 1343 as bases for jurisdiction, but he makes no attempt to connect his claims to the requirements found therein. *Id.* Moreover, Defendant's notice recites portions of the Code of Federal Regulations at length, again without demonstrating a basis for jurisdiction. [ECF No. 1 at 1–5.] Thus, Defendant does not demonstrate jurisdiction and fails the requirements for removal under 28 U.S.C. § 1441.

Defendant objects, citing various grievances with the state court proceedings, which ended before he filed this notice of removal.[2] [ECF No. 10 at 3–5.] Defendant argues the federal court, as a "court of equity," has the authority to correct the alleged deficiencies. *Id.* at 3. The court, however, finds that the Defendant misunderstands the purpose of removal under 28 U.S.C. § 1441. Defendant seemingly attempts to appeal the state court judgment to this court. But Congress has not given United States District Courts jurisdiction over such appeals. *See Smalley v. Shapiro & Burson*, LLP, 526 F. App'x 231, 235 (4th Cir. 2013) ("Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'") (citation omitted). Thus, the court finds jurisdictional defects in Defendant's removal notice twice over. This matter is therefore remanded to the state court for disposition.

Defendant's remaining motion for a preliminary injunction and temporary restraining order is accordingly dismissed as moot.

---

[2] Defendant argues the state court proceeding amounted to a taking without just compensation in violation of the Fifth Amendment to the U.S. Constitution. [ECF No. 10 at 2.] He challenges the impartiality of the state court judge and questions the jurisdiction of that tribunal over the completed matter. *Id.* at 4–5.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 7, is adopted in its entirety and incorporated herein. Defendant's motion for a preliminary injunction and temporary restraining order, ECF No. 12, is dismissed as moot. This case is therefore remanded to state court for disposition.

**IT IS SO ORDERED.**

October 20, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge